UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KENNETH RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-3278 |
| | ) | |
| DAVID WERRIES, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging Eighth Amendment claims for excessive force, failure to intervene, and deliberate indifference to a serious medical need. The matter comes before this Court for ruling on several outstanding motions.

**Defendants' Motion for Extension of Time
and Motion for Leave to File Dispositive Motion Instanter (Docs. 71, 72)**

Following resolution of the issue of failure to exhaust administrative remedies, the Court set a dispositive motions deadline for August 29, 2023. (Doc. 57). The Court extended this deadline four times upon Defendants' request, most recently extending it to February 24, 2023. The deadline passed without action from either party.

On March 8, 2023, the Court set this case for a final pretrial conference and jury trial for May 17, 2023, and June 26, 2023, respectively. (Doc. 69). Later that day, Defendants filed their Fourth Motion for Extension of Time to file dispositive motion. (Doc. 71). Defense counsel states therein that the inability to speak with two of her clients on February 22-23, 2023, court hearings she attended on February 23, 2023, and other cases she prioritized the next day resulted in her inability to file a dispositive motion before the February 24th deadline. *Id.* at 1-2, ¶¶ 3-6.

Defense counsel states she attempted to contact her clients the following week. *Id.* at 2, ¶¶ 7-9. Defendants filed a Motion for Leave to File Dispositive Motion on March 9, 2023. (Doc. 72). Plaintiff objects to Defendants' motions because they are not timely. (Doc. 77).

The Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether any neglect was excusable, a court "should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). "Neglect is generally not excusable when a party should have acted before the deadline." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). Attorney workload is usually not sufficient to support a finding of excusable neglect. *Miller v. Chicago Transit Authority*, 20 F.4th 1148, 1153 (7th Cir. 2021).

Defendants failed to file their fourth motion for extension of time until ten days after the dispositive motions deadline despite knowing about the client communication issues at least one day before the deadline lapsed, and presumably knowing that the deadline had lapsed the week before they requested this relief. Defense counsel's inability to contact her clients would not have prevented her from filing a timely motion for an extension of time. The Court finds that Defendants have failed to show excusable neglect. Defendants' motions are denied as untimely. *See Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (district courts are entitled to, and must, enforce deadlines).

### Plaintiff's Motion to Request Counsel (Doc. 73)

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the

authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously satisfied the first prong.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff alleges in this lawsuit that prison officials slammed his finger into a cell door, laughed about it, and refused to open the door for ten minutes. He alleges that officials then prevented him from wearing a medically prescribed metal splint on his injured finger. Plaintiff has personal knowledge of these facts, he should have been able to obtain relevant medical records via discovery, and it does not appear that expert testimony will be required. The Court

cannot ascertain from the information provided the extent to which a jailhouse lawyer assisted Plaintiff in this lawsuit, or whether his alleged brain injury and psychiatric care affects his ability to litigate. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motions (Docs. 67, 74, 76)

Plaintiff's Motion for Status (Doc. 67) is granted. This order rules on all pending motions, and the case is now set for trial.

Plaintiff's motions for extension of time (Docs. 74, 76) are granted. Plaintiff has since filed the relevant documents. New deadlines are not necessary.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motions [67][74][76] are GRANTED.

2) Plaintiff's Motion [73] is DENIED with leave to renew.

3) Defendants' Motions [71][72] are DENIED.

4) This case remains set for final pretrial conference on May 17, 2023, at 10:45 a.m. and jury trial on June 26, 2023.

Entered this 21st day of April, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE